Thierno BA,

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4129.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

Mark M. Nesbit, Nesbit Law Firm, Columbus, OH, for Petitioner.

Papu Sandhu, Linda S. Wernery, William C. Peachey, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before: DAUGHTREY and SUTTON, Circuit Judges; and COOK, District Judge.[*]

### ORDER

Thierno Ba has filed a petition for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal as an illegal alien. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Ba is a native and citizen of Mauritania, who entered the United States without authorization in 1999. He subsequently conceded removability and applied for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. Ba testified that he was persecuted in Mauritania because of his race and ethnic background, which caused the authorities to suspect that he belonged to a dissident political group. An immigration judge ("IJ") found that his testimony was not credible and denied Ba's applications for relief. The BIA affirmed that decision "without opinion" on September 9, 2002.

Ba argues that the BIA abused its discretion by affirming the IJ's decision without making a reasoned analysis of his claims. He asserts that a summary affirmance was inappropriate because the IJ made material errors by finding that his allegations were not credible and that the conditions in Mauritania had improved.

See generally 8 C.F.R. § 1003.1(a)(7). However, our court recently upheld the BIA's streamlined appeals process against both administrative law and due process challenges. Denko v. INS, 351 F.3d 717, 727–30 & n. 10 (6th Cir.2003). Moreover, judicial review is not compromised by the disputed procedure, as we review the IJ's decision directly when the BIA streamlines its review of a case. See id. at 731–32. Our review of the IJ's decision here does not reveal any grounds that would preclude a streamlined administrative appeal.

Ba's current brief does not contain any clear challenge to the IJ's rejection of his claim for relief under the Convention Against Torture. Therefore, he has abandoned this claim for purposes of appellate review. See Buziashvili v. Inman, 106 F.3d 709, 719 (6th Cir.1997).

To obtain asylum, Ba must show that he is a refugee and also that his application merits a favorable exercise of administrative discretion. See Mikhailevitch v. INS, 146 F.3d 384, 389 (6th Cir.1998). A refugee is an alien who is unable or unwilling to return to his home country due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Judicial review should not be granted unless the evidence would compel a reasonable fact-finder to find the requisite fear of persecution. Koliada v. INS, 259 F.3d 482, 486 (6th Cir.2001).

Ba primarily alleged that he had been persecuted in Mauritania because of his race and ethnic background. He alleged that his sister was murdered in 1989, that his family's store was looted and seized by White Moors, and that his farm-

---

[*] The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

land was seized. Ba alleged that his family was beaten by the military and/or the police in 1992, that he was then incarcerated for two months, and that he was mistreated during his incarceration because his captors mistakenly believed that he was a member of a dissident political group. He testified that he was forcibly deported into Senegal upon his release, where he remained for approximately seven years before coming to the United States.

The IJ cited inconsistencies between Ba's written application and testimony that went to issues that were central to the merits of his asylum claim. He correctly noted that Ba's written application did not include any reference to the alleged rape of his wife or the death of his sister. Moreover, the IJ properly noted the lack of persuasive corroborating evidence after inconsistencies in the application and testimony had placed Ba's credibility in doubt. *See Chebchoub v. INS,* 257 F.3d 1038, 1043–45 (9th Cir.2001). Ba now argues that the IJ's credibility finding was not based on substantial evidence. However, he has not shown that any reasonable adjudicator would be compelled to reach a different factual finding regarding his credibility. *See* 8 U.S.C. § 1252(b)(4)(B). In light of the IJ's credibility finding, Ba has not presented compelling evidence to support his asylum claim. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The IJ also found that Ba would not have had a persuasive asylum claim, even if his allegations were credible. The IJ found that Ba had not been politically active and that he could safely return to Mauritania and probably get at least some of his property back. Ba now asserts that the human rights record of the Mauritanian government is still generally poor. However, the IJ's finding on this issue is supported by a State Department report, which indicates that conditions in Mauritania have improved since Ba left the country in 1992. *See Koliada,* 259 F.3d at 487–88.

The IJ also indicated that he would not grant discretionary relief, even if Ba had shown that he was a refugee within the meaning of § 1101(a)(42)(A), because he could have stayed in Senegal as he had done for several years. Ba argues that he was not firmly resettled because he was not offered residency or refugee status by the Senegalese government. We decline to reach this issue because the IJ's well-supported finding that Ba is not a refugee provides a sufficient basis for rejecting his asylum claim.

The evidence in this case does not compel a finding that Ba is a refugee because it does not show that he has a well-founded fear of persecution. *See Koliada,* 259 F.3d at 487–88. Thus, we need not reach the question of whether his asylum application merits a favorable exercise of discretion. *See id.* at 488. As Ba has not established eligibility for asylum, he is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See id.* at 489.

Accordingly, the petition for judicial review is denied.